UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH MICHAEL DEVON ENGEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:20 CV 1688 MTS |
| ) | |
| UNKNOWN SENATOR MO, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of a civil complaint and motion for leave to proceed *in forma pauperis* filed by Missouri State prisoner Joseph Michael Devon Engel, registration number 1069055. For the reasons explained below, the Court will grant the motion and assess an initial partial filing fee of $1.00 and dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

In the instant motion, plaintiff indicates the Missouri Department of Corrections ("MDOC") will not give him any more copies of his inmate account statement. He further avers he earns $5.00 per month. Accordingly, the Court will grant plaintiff leave to proceed *in forma pauperis* in this action, and will assess an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances.").

## Legal Standard

According to 28 U.S.C. § 1915(e)(2), this Court shall dismiss a complaint at any time if, *inter alia*, it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious when it is undertaken for the purpose of harassing or disparaging the named defendants rather than vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987). An action can also be considered malicious if it is part of a longstanding pattern of abusive and repetitious lawsuits, or contains disrespectful or abusive language. *In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (per curiam). *See Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996) (when determining whether an action is malicious, the Court need not consider only the complaint before it, but may consider the plaintiff's other litigious conduct).

An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a

2

complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**The Complaint**

In the complaint, plaintiff indicates he is a civilly committed detainee. However, review of publicly available MDOC records shows he is actually a convicted and sentenced state prisoner. Liberally construed, the complaint is a prisoner civil rights complaint filed pursuant to 42 U.S.C. § 1983.

Plaintiff identifies numerous defendants on different pages of the complaint. The defendants include the MDOC, the Eastern Reception, Diagnostic and Correctional Center ("ERDCC"), "Byrnes Mill City Council," "Byrnes Mill City Hall," "Byrnes Mill Police Dept.," the Mayor and Police Chief of Byrnes Mill, "Governor," "LT Governor," "Attorney General"

3

and "Assistant Attorney General." Plaintiff identifies the remaining defendants using generic titles such as "Unknown Senator MO," "CO1," "CO2," "Unknown Sg," "Unknown Major," "IPO ERDCC," "Unknown P&P," "Unknown Chaplain," and "Unknown Religious Services." He either does not indicate the capacity in which he sues the individual defendants, or states he sues them in an official capacity. Therefore, the Court interprets the complaint as asserting only official-capacity claims. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995) (Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims.").

In setting forth his statement of claim, plaintiff writes: "I have been trying to get my religious diet I'm Astru/Odinism/Catholicism, and still MODOC/ERDCC still pretty much says my religion aint s—t it don't matter." Doc. [1] at 5. Plaintiff describes his injuries as "my life freedom, rights, sovrvin citiznship [*sic*], medical, tra[u]ma, mind raping, mental." *Id.* at 7. In his motion for leave to proceed *in forma pauperis*, plaintiff describes suffering gastrointestinal symptoms but "medical won't do nothing." Doc. [2] at 1. However, those statements do not appear to form the basis of the claims plaintiff appears to bring in this action.

In setting forth his prayer for relief, plaintiff lists the defendants and requests a separate amount of monetary relief from each one. Those amounts span between 100 billion dollars to 800 trillion dollars. Plaintiff devotes many pages of the complaint to listing other forms of relief he seeks, and to describing the manner in which he intends to spend the proceeds of this lawsuit. For example, plaintiff demands awards of stocks in various banks and companies, and gold, silver and precious metals. He avers he intends to buy numerous existing banks and businesses, and to also start new businesses, including a chain of casinos and a tattoo supply center.

The complaint is one of more than one hundred and thirty (130) similar complaints plaintiff has filed in this Court since September of 2020, alleging that his civil rights have been

4

violated by the MDOC and its facilities, and by individual defendants identified by the same or similar generic titles that appear in the instant complaint. The nature of plaintiff's claims and his demands for relief are roughly the same as those in the instant complaint. To date, the complaints that have been reviewed pursuant to 28 U.S.C. § 1915(e)(2) have been dismissed for reasons articulated therein, or because plaintiff failed to comply with court orders. As of December 21, 2020, plaintiff is subject to 28 U.S.C. § 1915(g).

## Discussion

Having carefully reviewed and liberally construed the complaint, the Court has determined that this action must be dismissed. While it appears plaintiff seeks relief because he believes he was wrongfully denied accommodations related to his religious dietary needs, he offers no factual assertions related to any such claim. Instead, he offers only the "[t]hreadbare recital" of some elements thereof, supported by his own conclusory statements, which is insufficient to state a plausible claim for relief. *Iqbal,* 550 U.S. at 678. This Court will not assume facts that are not alleged. *See Stone*, 364 F.3d at 914-15.

Additionally, in reciting his claim, the only defendants that plaintiff identifies with any specificity are the MDOC and the ERDCC. Such claims are treated as claims against the State of Missouri and fail for two reasons. First, the State of Missouri is not a "person" for purposes of 42 U.S.C. § 1983. "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). The State of Missouri and its agencies are not "persons" within the meaning of § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Alsbrook v. City of Maumelle,* 184 F.3d 999, 1010 (8th Cir. 1999).

Second, the State of Missouri is protected by the doctrine of sovereign immunity. The "Eleventh Amendment protects States and their arms and instrumentalities from suit in federal

court." *Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018). *See also Egerdahl*, 72 F.3d at 618-19 ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment"). The Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not just monetary damages. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (finding the district court erred in allowing the plaintiff to proceed against a state university for injunctive relief, and remanding matter to district court for dismissal).

There are two "well-established exceptions" to Eleventh Amendment immunity. *Barnes v. State of Missouri*, 960 F.2d 63, 64 (8th Cir. 1992). The first exception exists "where Congress has statutorily abrogated such immunity by 'clear and unmistakable language.'" *Id.* The second exception exists where a State waives its immunity, but "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Id.* at 65. Neither exception applies in the instant case. The first exception is inapplicable because the Supreme Court has determined that § 1983 does not abrogate a state's Eleventh Amendment immunity from suit in federal court. *Will*, 491 U.S. at 66 and *Quern v. Jordan*, 440 U.S. 332, 341 (1979). The second exception is inapplicable because the State of Missouri has not waived its sovereign immunity in this type of case. *See* Mo. Rev. Stat. § 537.600 (explaining that sovereign immunity is in effect and providing exceptions).

Plaintiff has also named defendants identified as "Governor" and "LT Governor," and "Attorney General" and "Assistant Attorney General." To the extent these defendants are officials of the State of Missouri they are protected by sovereign immunity, and even if they were not, the complaint would fail to state a viable claim against them. Liability in a § 1983 case "requires a causal link to, and direct responsibility for, the deprivation of rights." *See Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203,

6

1208 (8th Cir. 1990)). To that end, a plaintiff must allege facts connecting the defendant to the challenged conduct. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019). In this case, plaintiff has not alleged these individuals did anything to violate his constitutional rights. Instead, the only specific information plaintiff offers regarding each individual is the amount of money he seeks. Simply listing a person as a defendant is insufficient to establish his or her personal responsibility. *See Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993) (agreeing with district court dismissal of two defendants who were named as defendants in the complaint, but who had no factual allegations made against them).

The only other defendants that plaintiff identifies with any specificity are the Byrnes Mill Police Department, the Byrnes Mill City Council and City Hall, and two Byrnes Mill officials in their official capacities. However, plaintiff alleges no facts describing official action on the part of municipal officials that violated his rights and may give rise to the City of Byrnes Mill's liability under § 1983 or state a claim of municipal liability. *See Monell v. Dept. of Social Services of City of New York,* 436 U.S. 658, 690-91 (1978). Additionally, police departments are generally not entities subject to suit under § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (entities such as police departments are "not juridical entities suable as such. They are simply departments or subdivisions of the City government.").

Plaintiff identifies the remaining defendants using generic titles. Fictitious parties generally may not be named as defendants in a civil action. *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose name is unknown, however, if the complaint makes sufficiently specific allegations to permit identification of the party after reasonable discovery. *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985). Here, plaintiff has made no specific factual allegations regarding any of the defendants identified via generic titles, such that their identities could be ascertained after reasonable discovery. This

7

action therefore cannot proceed against them. *See Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) (suit naming "various other John Does to be named when identified" not permissible).

Additionally, to the extent the fictitious defendants are employees or officials of the State of Missouri, plaintiff's claims would be subject to dismissal. Official capacity claims against such individuals are treated as claims against the governmental entity itself. *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017); *see also Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent"). As noted above, the State of Missouri is not a "person" for purposes of 42 U.S.C. § 1983. *See Will*, 491 U.S. at 71. Additionally, the Eleventh Amendment bars a claim for damages against a state employee in his official capacity. *Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999). Even if plaintiff had sued the individual defendants in an individual capacity, the complaint would be dismissed because plaintiff has not alleged that they did anything to violate his constitutional rights. *See Madewell*, 909 F.2d at 1208. Instead, the only specific information plaintiff provides regarding each individual is the amount of money he seeks. Simply listing a person as a defendant is insufficient to establish his or her personal responsibility. *See Allen*, 5 F.3d at 1153.

For all of the foregoing reasons, the complaint is subject to dismissal because it is frivolous and fails to state a claim upon which relief may be granted. It also appears this action is subject to dismissal because it is malicious. As noted above, this action is one of over one hundred and thirty (130) duplicative and meritless actions plaintiff has recently filed in this Court against the MDOC and its facilities, and against individuals identified by many of the generic titles that appear in the instant complaint. Plaintiff submitted the pleadings in bulk, and specified he intended each set of pleadings to be docketed as an individual civil action. It is therefore

8

apparent that plaintiff initiated this action as part of a campaign of harassment through repetitive lawsuits, not with the intent of vindicating a cognizable right. *See In re Billy Roy Tyler*, 839 F.2d 1290 (8th Cir. 1988) (noting that an action is malicious when it is a part of a longstanding pattern of abusive and repetitious lawsuits, and also when it contains disrespectful or abusive language); *Spencer*, 656 F. Supp. at 461-63 (an action is malicious when it is undertaken for the purpose of harassing the defendants rather than vindicating a cognizable right).

For all of the foregoing reasons, the complaint is subject to dismissal. In consideration of plaintiff's abusive litigation practices and the manner in which he prepared the instant complaint, the Court concludes it would be futile to direct him to file an amended complaint in this action. Therefore, the Court will dismiss this action at this time pursuant to 28 U.S.C. § 1915(e)(2)(B), and will deny as moot plaintiff's motion for the appointment of counsel.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis*, Doc. [ 2], is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel Doc. [3] is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 23rd day of March, 2021.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE